After Recording Return To:
Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 CYPRESS WATERS BLVD
DALLAS, TX 75019

This Document Prepared By:
Vickie Lewellar
Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 CYPRESS WATERS BLVD
DALLAS, TX 75019

**Parcel ID Number:**

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$127,920.00**
New Money: **$59,525.91**

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this **24th** day of **August, 2018**, between **SHAWN MCGUIRE** ("Borrower") and **Nationstar Mortgage LLC d/b/a Mr. Cooper, whose address is 8950 CYPRESS WATERS BLVD, DALLAS, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated _____, ____ and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **N/A**, of the Official Records of _____ **County, PA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at **26 W ROLAND RD, BROOKHAVEN, PA 19015**, the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **September 1, 2018**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$222,036.52**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. **$66,591.12** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$155,445.40**

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date Borrower sells or transfers and interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date, or (iv) default under the terms of the modified note or security instrument.

4. The new Maturity Date will be **July 1, 2036**.

5. Interest at the rate of **4.500%** will begin to accrue on the Interest Bearing Principal Balance as of **September 1, 2018** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **October 1, 2018**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-18 | 4.500% | September 01, 2018 | $1,057.70 | $521.24 May adjust periodically | $1,578.94 May adjust periodically | October 01, 2018 | 214 |

*Chart reflects amounts of principal and interest owed and initial monthly escrow payment amount. Future total monthly payments may adjust due to fluctuation in escrow payment obligations, advances or arrearages.

6. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.
If Lender excercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

7. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and

none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

(d) Our records indicate that you are the Debtor in an active bankruptcy proceeding. Please be advised that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If approval of the loan modification is required, Nationstar Mortgage LLC d/b/a Mr. Cooper will not honor the loan modification agreement until evidence of the required approval is provided.

(e) Nothing in this Agreement shall be understood or construed to be a satisfaction or release In whole Or In part Of the Note And Security Instrument.

(f) If permitted by applicable law, all costs and expenses incurred by Lender in connection with this Agreement, including recording fees and taxes, title examination, And attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(g) Borrower agrees to make and execute such other documents or papers as may be necessary Or required To effectuate the terms And conditions Of this Agreement which, If approved And accepted by Lender, shall bind And inure To their heirs, executors, administrators, And assigns Of the Borrower.

(h) That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original loan documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

(i) In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

9394 07/17    (page 3 of 5)

(j)  Borrower understands that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which the borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

SHAWN MCGUIRE  -Borrower

Date: 9/5/18

**Nationstar Mortgage LLC d/b/a Mr. Cooper**

By: _____
Name: Vickie Lewellen
Title: **Assistant Secretary**

_____(Seal) - Lender

9-14-18
Date of Lender's Signature

## CERTIFICATE OF RESIDENCE

I, _Vickie Lewellen_

Agent of Lender, do hereby certify that:

(1) I am employed as an _Assistant Secretary_ by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar Mortgage LLC d/b/a Mr. Cooper"), the servicer for the mortgage loan referenced herein. I have personal knowledge of the facts contained in this certificate as follows: I am familiar with the systems of record that Nationstar Mortgage LLC d/b/a Mr. Cooper uses to record and create information related to the residential mortgage loans that it services, including the processes by which Nationstar Mortgage LLC d/b/a Mr. Cooper obtains the loan information in those systems. While many of those processes are automated, the information manually entered by Nationstar Mortgage LLC d/b/a Mr. Cooper employees relating to loans on those systems is based upon personal knowledge of the information and is entered into the system at or near the time the knowledge was acquired. These computerized records are created and maintained in the regular course of its business as a loan servicer and Nationstar Mortgage LLC d/b/a Mr. Cooper relies on the records in the ordinary course to conduct its business as a loan servicer.

(2) I obtained from Nationstar Mortgage LLC d/b/a Mr. Cooper's system of record, as described above, information relating to the mortgage loan referenced herein.

(3) The precise address of the within named lender is:

**Nationstar Mortgage LLC d/b/a Mr. Cooper**
**8950 CYPRESS WATERS BLVD, DALLAS, TX 75019**

Witness my hand this _14_ day of _September 2018_

_Vickie Lewellen_
Signature of Agent of Lender

Borrower: SHAWN MCGUIRE

# AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, SHAWN MCGUIRE ("Borrower") desires Nationstar Mortgage LLC d/b/a Mr. Cooper ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated _7-5-18_, ____, (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a

Borrower: SHAWN MCGUIRE

deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Maintain Escrow Account.

_[signature]_                                                                                    Date: 9/5/18

SHAWN MCGUIRE  -Borrower

 August 24, 2018

Notwithstanding anything to the contrary contained in the Loan Modification Agreement, the parties hereto acknowledge the effect of a discharge bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the borrower for personal liability.

However, the parties acknowledge that the Lender retains the certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the security instrument as a result of the Borrower's default of its obligation there under. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

Nationstar Mortgage LLC d/b/a Mr. Cooper

SHAWN MCGUIRE  -Borrower                         Date: 9/5/18

(page 1 of 1)

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Date: **August 24, 2018**

Borrower(s):    **SHAWN MCGUIRE**

Property Address:    **26 W ROLAND RD, BROOKHAVEN, PA 19015**

Lender:    **Nationstar Mortgage LLC d/b/a Mr. Cooper**

In consideration of **Nationstar Mortgage LLC d/b/a Mr. Cooper** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____    Date: 9/5/18
**SHAWN MCGUIRE** -Borrower

# LETTER OF ACKNOWLEDGEMENT

August 24, 2018

SHAWN MCGUIRE
26 W ROLAND RD
BROOKHAVEN, PA 19015

Dear SHAWN MCGUIRE,

Attached for execution is the Modification Agreement for your loan serviced by Nationstar Mortgage LLC d/b/a Mr. Cooper. The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts. **The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan** (Such a change may result in you owing a lump sum payment upon maturity of your loan).

In addition to the foregoing, in consideration of Nationstar Mortgage LLC d/b/a Mr. Cooper agreeing to the modification of your loan account, you acknowledge and agree that Nationstar Mortgage LLC d/b/a Mr. Cooper may maintain an escrow account to collect funds for the payment of future taxes and insurance in accordance with the terms of the attached Agreement to Maintain Escrow Account.

Your estimated total monthly payment will be **$1,578.94**, which includes your initial monthly escrow payment of **$521.24**.

Additionally, a Mobile Notary will come to your place of convenience, at no cost to you to assist in signing and notarizing the modification documents, please call to setup your free appointment.

Should you have any questions regarding the terms of this Letter Acknowledgement or the Modification Agreement, please do not hesitate to contact Isabel Perez at 480-467-0020.

In order for this modification offer to become enforceable, all trial payments must be made in accordance with the terms of the trial approval letter. If any trial payments are not completed within the designated timeframe in which they are due, the modification will not be considered completely executed and the offer will be terminated.

Sincerely,
Nationstar Mortgage LLC d/b/a Mr. Cooper

Acknowledged and agreed to by:

SHAWN MCGUIRE -Borrower

Date: 9/5/18



Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.